COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Clements
Argued at Richmond, Virginia


MASON S. THOMPSON
                                    MEMORANDUM OPINION* BY
v.    Record No. 0390-01-2      JUDGE ROSEMARIE ANNUNZIATA
                                       FEBRUARY 4, 2003
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. EVANGELINE HORNES

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Theodore J. Markow, Judge

          John G. LaFratta (Cowan, North & LaFratta,
          LLP, on brief), for appellant.

          Victoria W. Dullaghan, Special Counsel
          (Mark L. Earley, Attorney General;
          Ashley L. Taylor, Jr., Deputy Attorney
          General; Robert B. Cousins, Jr., Senior
          Assistant Attorney General; Craig M. Burshem,
          Regional Special Counsel, on brief), for
          appellee.


     Mason S. Thompson appeals his sentence for civil contempt,

citing as grounds for appeal the court's 1) requirement that the

civil contempt sentence be served consecutive to his prison

sentence for a felony conviction and 2) imposition of an

indeterminate sentence.  For the reasons that follow, we affirm

the decision of the trial court.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Background

On November 27, 2000, the trial court, in a de novo appeal from the Juvenile and Domestic Relations District Court for the City of Richmond, held a hearing on the Division of Child Support Enforcement's Rule to Show Cause issued against Thompson.[1]  Based on the evidence presented, the court found Thompson owed child support arrearage in the amount of $21,496.87, that his sentence imposed upon convictions for felony charges ran until the year 2005, and that he had not shown a good faith attempt to comply with his child support order.  The court found Thompson in contempt and ordered:

> That Mason Thompson, upon his release from his current imprisonment, is sentenced to be further held upon this finding of contempt but may purge himself of the contempt by making good faith payments of his obligation . . . toward his arrears and current support under the child support order.

## Analysis

On appeal, Thompson asserts that the requirement that his civil contempt sentence run consecutive to his prison sentence for a felony conviction eliminates the likelihood that he will be able to purge his contempt of court by making "good faith payments" on his child support obligation at the end of his current period of incarceration, because he cannot be employed while incarcerated.  He reasons that, since he will not be able

---

[1] Thompson was represented by a guardian ad litem because he was under a legal disability due to his incarceration.

to purge his contempt, he has received a de facto criminal

punishment for civil contempt.  We find no error and affirm the

decision of the trial court.[2]

It is axiomatic that, in a civil contempt proceeding, the

contemnor must be in a position to purge himself of contempt.

> If it is for civil contempt the punishment
> is remedial . . . .  [I]mprisonment for
> civil contempt is ordered where the
> defendant has refused to do an affirmative
> act required by the provisions of an order
> which, either in form or substance, was
> mandatory in its character.  Imprisonment in
> such cases is not inflicted as a punishment,
> but is intended to be remedial by coercing
> the defendant to do what he had refused to
> do.

Gompers v. Buck Stove & Range Co., 221 U.S. 418, 441-42 (1911).

In contending a criminal penalty has been improperly

imposed for his civil contempt of court, Thompson relies on the

holding in Shillitani v. United States, 384 U.S. 364 (1966).  In

Shillitani, the United States Supreme Court addressed the

contempt convictions of appellants who refused to answer

questions before the grand jury.  Finding the contempt

convictions civil in nature, the Court noted that "the

justification for coercive imprisonment as applied to civil

---

[2] The Commonwealth contends Thompson's appeal is procedurally barred under Rules 5A:6 and 5A:18, arguing Thompson failed to timely file a notice of appeal and timely object to the sentence imposed by the trial court.  We disagree and find our decision on this issue is controlled by the Virginia Supreme Court's order in Thompson v. Commonwealth, Record No. 011572, issued on April 5, 2002, in which we were directed to hear Thompson's appeal.

- 3 -

contempt depends upon the ability of the contemnor to comply with the court's order."  Id. at 371.  "Where the grand jury has been finally discharged, a contumacious witness can no longer be confined since he then has no further opportunity to purge himself of contempt."  Id.

In the case at bar, however, Thompson provided no evidence that he will be unable to make "good faith payments" while incarcerated.  Thus, we cannot say, as a matter of law, that Thompson will be unable to purge his contempt.  Accordingly, we find no error in the trial court's imposition of Thompson's sentence.

Thompson further argues that the trial court's failure to give him a fixed sentence will result in his incarceration indefinitely, should he be unable to meet the purge condition. Code § 16.1-278.16 provides:

> [W]hen the court finds that the respondent (i) has failed to perform or comply with a court order . . . concerning the support and maintenance of a child . . . , the court may order a payroll deduction . . . or the giving of a recognizance . . . .  If the court finds that respondent has failed to perform or comply with such order, the court may also order the commitment of the person as provided in § 20-115 or the court may, in its discretion, impose a sentence of up to twelve months in jail, notwithstanding the provisions of §§ 16.1-69.24 and 18.2-458, relating to punishment of contempt.

Code § 20-115 provides:

> [U]pon conviction of any party for contempt of court in (i) failing or refusing to comply with any order or decree for support and maintenance for a . . . child . . . the court (i) may [assign] the party to a local correctional facility as provided for in § 20-61[;] . . . the assignment shall be for a fixed or indeterminate period or until further order of the court. However, in no event shall commitment . . . be for more than twelve months.

The statute plainly permits the court to impose an indeterminate sentence and directs that the confinement not exceed twelve months. Nevertheless, there exists no express requirement that the court reference the statutory limitation on confinement in its order and, although we believe a reference to the sentence limitation in the court's order to be the better practice, its omission is not a basis for reversal. Accordingly, we affirm the trial court's decision holding Thompson in civil contempt and affirm his sentence to an indeterminate term or until such time that he purges his contempt, but in no event to exceed twelve months.

Affirmed.
